HANFORD *v.* ARTCHER, 4 Hill, 27.

In S. Ct. 1 Hill, 347.

### Fraudulent Possession after Sale ; Replevin.

REPLEVIN. The plaintiff's title was by a sale to him of the goods in question by the assignees of one Norton. After the sale, the plaintiff made Norton his agent or clerk, and the latter took charge of the goods in that capacity, as the plaintiff alleged, to sell, &c. They remained at the same store that Norton occupied. The defence was that the whole transaction was fraudulent as against creditors, one of whom had directed the defendant to levy on them in virtue of a *fi.*

*fa.*  Evidence was given to establish the defence; and on the part of the plaintiff, to prove the *bona fides* of the sale, and the possession of the plaintiffs, and to show that the assignees, before the sale to him, had had the exclusive control of the goods after the assignment.  The plaintiffs proposed to ask one of the assignees this question: "So far as you are concerned was there any fraud in the whole transaction?"  To which the defendant's counsel objected, and the Circuit Judge sustained the objection.  Exception.

The judge charged the jury that the question of fraudulent intent was one of fact for them, and read to them the statute on the subject: That the first fact to be inquired into was whether there had been immediate delivery, and actual and continued change of possession, &c.  If there had, they must find for plaintiff; if otherwise, whether there was any good reason shown, which they could approve, for the want of them.  If there were, then the verdict must be for the plaintiff.  If not, the law presumed fraud.  But the plaintiff might rebut this presumption by showing that the assignment was made in good faith and without any intent to defraud creditors.  If there was no change, it was for the plaintiff to explain.  If he had done so satisfactorily, then they should find for him; otherwise for the defendant.

The plaintiff's counsel excepted to this charge, and requested the judge to charge as follows: 1. That if the jury believed the sale was made in good faith, and without any intent to defraud Norton's creditors, it was valid.  2. If they believed that the assignees had possession until the sale to plaintiff, then the employment by him of Norton as his agent or clerk, did not render the sale void.  3. That if the plaintiff actually and *bona fide* employed N. as his clerk to sell the same, this would not render the sale void.  The judge refused to charge, plaintiff excepted.  Verdict for defendant.

The Supreme Court on the motion for a new trial, held the ruling of the judge correct as to the question offered to be put to the assignee; and that his charge was also correct in all particulars as given; and that he was not bound to

charge on either of the points presented to him by the plaintiff's counsel.   See opinion of Cowen, J., 1 Hill, p 350–351.

On writ of error to

The Court of Errors, that court *reversed* the judgment; holding that the judge's charge to the jury, "to enquire if *any good reason had been shown which they could approve, why possession had not been changed,* &c., was erroneous, as tending to mislead the jury from the true point of inquiry, viz., the *bona fides* of the transaction," and although the judge had previously told the jury, after reading the statute to them, that the question of fraudulent intent was one of fact for their decision.

Walworth, Chancellor, who was for affirmance, observed that this is one of that interminable class of cases, arising upon the construction of this section of the Rev. Stat., &c. He denies that the case of *Smith* and *Hoe* v. *Acker*, (ante,) decides that "the proof of a sufficient consideration is of itself enough to rebut the presumption of fraud, arising from want of change of possession, as the Supreme Court had erroneously assumed in *Butler* v. *Van Wyck*, 1 Hill, 438. See opinion of Chancellor, 4 Hill, 274–285.

The president of the senate, who delivered an opinion for reversal, proceeded mainly on the ground that the judge had *limited* the inquiry of the jury, by his charge and by his refusal to charge as requested, to the single point if there was *any good reason shown for want of change of possession.*

Judgment *reversed*, 17 to 7.